ARUNDEL CORPORATION, Plaintiff, *v.* FEDERAL INSURANCE COMPANY, Defendant.

City Court of the City of New York, Trial Term, New York County, February 3, 1950.

*Christopher E. Heckman* for plaintiff.

*Martin P. Detels* and *Daniel A. Sullivan* for defendant.

COLEMAN, J. Plaintiff which had been engaged in widening a section of the State Barge Canal sues the defendant which had issued a policy of insurance to it to recover the amount that it had paid in settlement of a claim made against it by the owners of a barge damaged while the barge was passing through the canal. The insurance company declined to assume liability under the policy and declined to defend the suit in admiralty to which the plaintiff was made a party. The question is whether the claim falls within the risks insured against. The clause of the policy which gave rise to the controversy is as follows: " To

cover only the Assured's Legal and/or Contract Liability for * * * damage to the property of others * * * caused by failure to raise and/or remove obstructions or spoil in connection with their operations of drilling, blasting and dredging " in certain areas, " including the New York State Barge Canal."

The defendant's position seems to be twofold; first, the claim alleged against the plaintiff in the pleadings in the suit in admiralty was not one literally covered by the policy; and, second, in any case the cause of the damage to the barge was not " an obstruction ". Neither position do I regard as tenable.

The damage to the barge occurred at night time and at a point where the channel had already been widened. Because of the presence of the plaintiff's dredge near the center of the channel, the barge (pushed by its tug) had to follow part of the widened course of the channel. But although the channel had been widened at that point, it had not been deepened, and the barge struck a rock which had not yet been removed. The barge owner sued its tug for damage, and the tug in turn impleaded the plaintiff alleging against it that the plaintiff was at fault in signalling the tug that it could pass safely and in not warning it of the shallowness of the water alongside the dredge. The litigation was settled, the plaintiff paying the barge an amount which the parties have stipulated was fair and reasonable; and to recover which this action was brought.

As to the first argument of the defendant, while it is true that nowhere in the pleadings in the admiralty case was it stated that the plaintiff's liability was based upon " its failure to raise and/or remove obstructions " precise language of this kind is unnecessary. The policy covered the plaintiff's liability for damage that it caused to anyone because of its failure to remove an obstruction in the course of its work of deepening and widening the canal. It was unnecessary for the tug or the barge to say that the plaintiff had failed to remove an obstruction. Barge and tug based their claim for liability against the plaintiff on the ground that the latter was at fault in failing to give them safe passage, in failing to warn that the water was shallow and in signalling it to proceed in those circumstances, all faults that flowed from the fact that the water was shallow and because the channel had not yet been deepened at that point. The plaintiff was liable to the barge for what it had failed to do and the insurance company was liable to the plaintiff if what the latter had failed to do was one of the risks insured against. The fact that the liability as between the plaintiff company and the barge was put in different terms from those mentioned in the policy of

insurance is immaterial. We are concerned only with the question whether the kind of liability fastened on the plaintiff is included in the definition of the policy itself, no matter in what language the claim is presented. (*Marine Tr. Corp.* v. *Northwestern Fire & Marine Ins. Co.,* 67 F. 2d 544, 547; *Ferguson* v. *Providence-Washington Ins. Co.,* 125 F. 141; 137 F. 1018.) By the stipulation that the amount paid in settlement was fair and reasonable — that the settlement, that is, was a prudent one, we are relieved of the necessity of determining whether the plaintiff would have been held liable, and whether the defendant would have been justified in declining to defend on the ground that the original suit was groundless; we must assume that the plaintiff would have been found liable to the barge for that amount. (Cf. *St. Louis Dressed Beef & Provision Co.* v. *Maryland Cas. Co.,* 201 U. S. 173; *Matter of Empire State Sur. Co.,* 214 N. Y. 554; *Krasilovsky Bros. Trucking Corp.* v. *Maryland Cas. Co.,* 54 N. Y. S. 2d 60, and *Lee* v. *Aetna Cas. & Sur. Co.,* 178 F. 2d 750.) The barge struck something in the channel, and the plaintiff did not afford it safe passage through the canal, irrespective of the precise basis in fact for coming to that conclusion. To that extent there was " legal liability " on the plaintiff " in connection with [its] operations of drilling, blasting and dredging."

This brings us to the second point of the defendant. Was the something that was struck by the barge, unremoved rock, an " obstruction "? Defendant argues that " obstruction " here means something placed by someone in the canal; that the natural bed of a stream is not an obstruction. Considering the nature of the work carried on by the plaintiff and the risks insured against — drilling and blasting, as well as dredging, it seems to me that this puts too narrow a definition on the word. Not every act of the plaintiff in the course of its work causing damage to another is covered by the policy; but what was covered was damage in the course of drilling and blasting by failure to raise or remove an obstruction. The rock or ledge was an obstruction to navigation and it was there because it had not been removed or raised in the course of drilling and blasting. There is nothing in the policy to suggest that the obstruction must have been first put in place by the plaintiff and then overlooked. It is damage caused to passing vessels by an object not removed by the plaintiff but which should have been removed by it in the course of its work that was the immediate cause of the damage to plaintiff, and that damage was covered by the policy.

Indeed the question really is not whether the plaintiff would have been found liable to the barge or on what grounds it would

have been held liable, but whether the claim against it — no matter how presented or how particularized — was for damage caused by an obstruction in the course of the plaintiff's operations. The claim made against the plaintiff was just such a claim and the defendant should have defended the suit against the plaintiff and should now pay what the plaintiff paid in settlement.

The plaintiff then should have judgment for the amount paid in settlement, plus attorney's fees. The stipulation is that the two amounts mentioned in it were fair and reasonable; with interest from the date of payment, they total $4,301.17 and there will be judgment for the plaintiff against the defendant for that amount.